[Civ. No. 10911. Second Appellate District, Division Two.—June 29, 1936.]

ADOLF DORNER, Respondent, v. HARRY L. HEFFNER, Appellant.

Bailie, Turner & Lake for Appellant.

Dockweiler & Dockweiler for Respondent.

CRAIL, P. J.—This is an appeal from a judgment against the defendant on a so-called subscription agreement, herein sometimes called exhibit 1, which was signed by certain stockholders of the German American Savings Bank of Los Angeles and by which they agreed to pay to the Los Angeles Clearing House Association the sums set opposite their respective names upon terms therein set out. The plaintiff sued as assignee of the clearing house as to the subscription of the defendant Heffner.

Exhibit 1 in the form as drafted by the clearing house required the subscribing stockholders to pay ''on or before thirty (30) days from'' June 20, 1933. Before the defendant signed the instrument he struck out the figures ''30'' and wrote above them in ink ''90'', and one of the other stockholders wrote above the place prepared for the signatures of the subscribing stockholders the following: ''The undersigned shall not be obligated unless at least $75,000.00 have been signed and if less than 75,000.00 sign, then the undersigned subscriptions are void.'' There were several copies of the original draft of exhibit 1, but the changes, referred to, were made on only the one copy. The purpose of exhibit 1 was to provide a way whereby the clearing house would take over all the assets of the bank and pay to the bank's depositors their deposits in full. The program proceeded with more or less inconvenience and difficulty. Mr. Heffner left the city and could not be found. The association demanded that the $75,000 be paid in cash and all of the $75,000 was paid in cash except the part subscribed by the defendant. In order to facilitate matters the plaintiff guaranteed to the clearing house that the defendant's subscription would be paid. The liquidation of the bank proceeded substantially as planned. At the end of the 90 days the defendant refused to pay the amount of his subscription, and thereupon the association assigned to the plaintiff its right in said subscription in exchange for the amount due from the defendant which was paid to it by plaintiff.

The first contention of the defendant is that as to him there was no delivery or acceptance of exhibit 1. Whether there was or was not such a delivery and acceptance was a question of fact for the fact finder, which was determined

adversely to the defendant on substantial evidence. The president of the clearing house testified denying the testimony of the defendant to the effect that he had withdrawn or canceled the subscription. It is not within the province of this court to weigh the testimony nor to determine where the preponderance of evidence lies.

The defendant next contends that the terms of exhibit 1 were uncertain and that there was no meeting of the minds of the various parties thereto. This contention seems to be based upon the theory that there are certain alleged inconsistencies between exhibit 1 and a certain exhibit D which was an instrument dated June 30, 1933. But the defendant makes no showing that his rights were in any way or at all affected by exhibit D. He does not point out one item of benefit, which he reasonably hoped to receive by signing the subscription, which he did not receive, nor a single detriment to himself other than the judgment against him for the payment of the subscription according to its terms.

Defendant next contends that there is no evidence in the record that exhibit 1 was ever subscribed by stockholders who obligated themselves to pay $75,000 in the aggregate. The obvious answer is that it was not only subscribed up to $75,000 but that the entire amount thereof was paid except the portion subscribed by the defendant. Obviously there is no merit in this contention.

The defendant next contends several different ways that the payment to the association by the plaintiff of the amount due from the defendant°was a voluntary payment of his subscription and that the defendant's subscription having been paid by the plaintiff it was extinguished and therefore nothing was transferred to him by the assignment. The trial court found in effect that what the clearing house did was not to accept the certificates of deposit given to it by the plaintiff as payment of defendant's obligation but as a consideration for the assignment to the plaintiff of the association's claim against the defendant. This theory of the case and the findings thereon were supported by substantial evidence and it is not for this court to interfere with said findings.

The defendant next contends that the court should not have awarded judgment for interest and attorneys' fees, but the argument on this contention goes back to and de-

pends upon the prior contention that the plaintiff was not entitled to judgment on exhibit 1. If plaintiff was entitled to judgment on exhibit 1 then he was entitled to judgment for interest and attorneys' fees as provided therein.

 The defendant next contends that there was no valid assignment from the association to the plaintiff. Both the plaintiff and the officers of the association were in court and both parties to the assignment were satisfied as to its validity. The association will never contend, can never contend, that it still owns the claim against the defendant. There is no merit in this contention.

 It is next contended that the court erred in overruling several objections of the defendant to the introduction of evidence and in denying the defendant's motions to strike such evidence when admitted. We have reviewed all these rulings and orders but we see no merit in the defendant's contentions with regard thereto; certainly there was no error such as would entitle the defendant to a reversal of the judgment in the light of article VI, section $4\frac{1}{2}$, of the Constitution.

Finally the defendant sets forth in detail thirty-six specifications of error in the findings of fact, but they are all or practically all mere repetitions of the contentions which have been heretofore covered.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 17, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1936.